**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2121**

EUGENE BASKINS,

    Plaintiff - Appellant,

        v.

SIR WALTER MACK; UNION BAPTIST CHURCH,

    Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cv-01420-TDS-LPA)

Submitted:  March 27, 2019                           Decided:  April 10, 2019

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene Baskins, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Baskins appeals the district court's order granting Union Baptist Church's motion for summary judgment and dismissing Baskins' employment discrimination action. Based on a liberal construction of his pro se complaint, Baskins alleged that he was terminated from his employment from Union Baptist Church because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621 to 634 (West 2018) ("ADEA"), and the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. §§ 143.422.1 to 143.422.3 (2015).

We review a district court's grant of summary judgment de novo.[*] *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

"The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of' the

[*] Baskins did not order a transcript of the hearing at which the district court granted summary judgment to Union Baptist Church, nor did he move for preparation of the transcript at government expense, despite being advised of the procedure for doing so in this court's informal briefing order. Thus, our review does not encompass the reasoning expressed at the hearing.

person's age." *E.E.O.C. v. Baltimore Cty.*, 747 F.3d 267, 272 (4th Cir. 2014) (citing 29 U.S.C.A. §§ 623(a)(1), 631(a) (West 2018)). To demonstrate a claim of age discrimination under the ADEA, Baskins either had to provide direct evidence of discrimination or demonstrate a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-02 (1973); *see also Mereish v. Walker*, 359 F.3d 330, 333-35 (4th Cir. 2004) (applying *McDonnell Douglas* framework to ADEA claims).

Baskins did not present direct evidence of discrimination. To establish a prima facie case of age discrimination under *McDonnell Douglas*, Baskins was required to demonstrate "that (1) he is a member of the protected class; (2) he was qualified for the job and met [his employer's] legitimate expectations; (3) he was discharged despite his qualifications and performance; and (4) following his discharge, he was replaced by a substantially younger individual with comparable qualifications." *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006). Once a plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment action. *Dugan v. Albemarle Cty. Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002). Once the employer comes forward with such a reason, "the burden reverts to the plaintiff to establish that the employer's non-discriminatory rationale is a pretext for intentional discrimination." *Heiko v. Colombo Sav. Bank*, 434 F.3d 249, 258 (4th Cir. 2006). To meet his burden, the plaintiff must "show that the employer's proffered explanation is unworthy of credence, thus supporting

an inference of discrimination, or offer other forms of circumstantial evidence sufficiently probative of intentional discrimination." *Dugan*, 293 F.3d at 721.

In its motion for summary judgment, Union Baptist Church produced sworn declarations and evidence in support of its contention that Baskins voluntarily terminated his employment by abandoning his position. Baskins submitted nothing to controvert this, instead asserting in his response that he was "ready for trial." Furthermore, Baskins' allegations on appeal—that his age was "one factor" resulting in his discharge, and that employment records "will show" that other employees received higher pay—even if proven, would be insufficient to establish his claim that he was terminated from employment because of his age.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*